## In re Bennetch

*Samuel R. Liever*, for petitioner.

*Leon Ehrlich*, for respondent.

MAYS, P. J., December 24, 1957.—Ruth Elizabeth Bennetch, the mother of Holly Carmel Bennetch, nine years of age, and Duane Scott Bennetch, six years of age, has filed a petition praying that her name be changed to Ruth Elizabeth Bennet and Holly Carmel Bennetch to Holly Carmel Bennet and Duane Scott Bennetch to Duane Scott Bennet.

The father, Richard Andrew Bennetch, the natural parent of the two children above named, appeared and objected to any change of name.

A hearing was held November 25, 1957. The only witnesses heard were the mother, who seeks the change for herself and for her children, and the father, who objects.

We have considered the application and testimony and the objection made. In Falcucci Name Case, 355 Pa. 588, the Supreme Court, in approving the change of name of a minor over 18 years of age, at page 594, said:

"Of course, a court would be reluctant to grant a very youthful minor's petition for a change of name . . ."

These two children are quite young and are, to some extent, supported by their father and because of his objection, we are reluctant to grant these changes as prayed for.

In a per curiam opinion, In re Bilske, 75 D. & C. 288, where the mother desired the change of name for a four and one-half year old child, the court said:

". . . we have come to the conclusion that the proposed change of name should not receive our approval. We think this action should not be taken until the

minor has reached the age where he is capable of determining what name he desires to take."

The opinion of Sloane, J., in Rounick's Petition, 47 D. & C. 71, supports our conclusion. On page 75, he said:

"The person to consider is the child. In all cases affecting children, they are the ones to be kept in mind by the Court disposing of such cases ... With this primary object before us, we see nothing to help the welfare of the child by granting this petition. We are convinced that, were we to grant it, we would be lending our aid to the 'estrangement of father and child.' To decree a change of name would simply be another step in the direction, encouraged by the mother, of complete severance of the father-child relationship. It is pretty plain that the mother is the one who wants the change, for her son is too young to know and I doubt strongly his capacity to understand the nature of the proceeding, let alone its initiation."

We concur in what was Judge Sloane's summation where at page 76, he said:

"We think it better to let this case rest until the minor knows his own mind and the father has had further opportunity to pursue his professed desire to retain a place in the child's life. If later the child again seeks the change, we will be in better position to entertain the expression of his desire."

And now, to wit, December 24, 1957, the petition, insofar as it has to do with the change of name of the two children, is dismissed, without prejudice to a renewal of the petition at a subsequent proper time.

Petitioner's counsel at the time of the submission of briefs to the hearing judge stated that if there were a decree refusing the change of names, the mother, the petitioner, would not pursue her desire to have her name changed.